IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

CHARLIE BIGGINS, d/b/a
BIGGINS CONSTRUCTION                                              PLAINTIFF


v.                              No. 3:10-cv-257-DPM


ANCO CONSTRUCTION, INC. and
UNITED FIRE & CASUALTY COMPANY                          DEFENDANTS


## ORDER

This case has moved in fits and starts.  The question now before the

Court is whether the case will stay here or whether the parties must pursue

alternative dispute resolution.    In October 2010 Biggins sued Anco

Construction for failing to pay him on their subcontract for framing work on

a West Memphis hotel.  Biggins alleged that he was owed for some work

performed outside the contract. *Document No. 2, at ¶¶ 9–11.*

Early on, the parties agreed that their contract required them to mediate,

then arbitrate, any dispute. *Document No. 7.*  The Court stayed the case at their

joint request while they tried that course. *Document No. 9.*  The parties

suspended the mediation without result in June 2011. *Document No. 16.* New counsel appeared for Biggins. *Document No. 20.* Biggins then apparently changed his position on ADR. In September 2011 the parties jointly asked the Court to decide whether the arbitration clause in their contract covered all Biggins's claims or only some. *Document No. 28.*

The background law strongly favors arbitration. There is a "liberal federal policy favoring arbitration agreements." *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 24 (1983). The Court must compel arbitration if the underlying facts "simply touch matters covered by the arbitration provision." *3M Co. v. Amtex Security, Inc.*, 542 F.3d 1193, 1199 (8th Cir. 2008) (quotation omitted).

The parties' agreements satisfy that broad legal standard; further, they show that the parties intended to arbitrate a dispute like the one before the Court. The two main documents are boilerplate construction subcontracts. Each contains a clause requiring mediation of any claim "arising out of or related to [the] Subcontract[.]" *Document No. 2–1, at 8*; *Document No. 2–2, at 8.* The parties chose arbitration to resolve any disputes that survived mediation. "Litigation" was a listed option; they didn't choose it.

And the parties sketched the work to be done very broadly. The description in the main body consists of two lines: "Division 6 Wood Carpentry" and "Section 6-110 Wood Framing." *Document No. 2–1, at 10*; *Document No. 2–2, at 11*. Biggins was to be paid by the square foot for "framing." *Document No. 2–1, at 11*; *Document No. 2–2, at 12*. "Framing" and "Trusses" are two bullet points in a list of work the parties included as an addendum to the subcontract. *Document No. 2–2, at 18*.

Biggins contends that his agreement to reconstruct trusses and offset walls was a later modification. Maybe so. But this work "arose out of" and "related to" the agreement to frame the hotel in any event. In the terms of the parties' contract, then, a disagreement about that work belongs in arbitration. Without doubt, the disputed facts touch matters covered by the parties arbitration agreement. *3M Co.*, 542 F.3d at 1199.

\* \* \*

The parties must either mediate or arbitrate this dispute. Biggins, who prompted the suspension of mediation, has until 10 January 2013 to give notice to Anco whether Biggins intends to return to mediation. If the dispute

is not resolved in mediation or otherwise by settlement, then the Court compels arbitration.   The case is stayed and administratively terminated. Status report due on 31 May 2013 and every six months thereafter until the parties' dispute is resolved.

So Ordered.

*D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

  7 December 2012